# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ELMER TEDDER, on behalf of himself and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 2:18-CV-04145-NKL |
| GIBBS COMPANY'S INC. ) d/b/a RAM JACK OF MID-MISSOURI, ) A DIVISION OF GIBBS COMPANY ) ) ) ) | |
| Defendant. ) | |

## FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, individually and on behalf of all others similarly situated, as collective action and class action representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## PRELIMINARY STATEMENT

1. This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and his similarly situated co-workers who work or worked for Defendant Gibb's Company Inc. doing business as Ram Jack of Mid-Missouri, a Division of Gibbs Company ("Defendant") as foremen and/or other laborers and who Defendant has failed to pay the overtime rate of one and one-half times the regular rate of pay for hours worked over 40 in a workweek. Indeed, Defendant has a common policy and practice of refusing to pay Plaintiff and similarly situated laborers and foremen the statutorily required overtime rate for hours worked over 40 in a workweek despite these individuals often working between 50 and 70 hours per week.

6622471

2. Plaintiff therefore brings this action under the FLSA 29 U.S.C. § 201 *et seq.*, Missouri wage and hour law, and Missouri common law for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonably attorneys' fees, as a result of Defendant's failure to pay Plaintiff and similarly situated foremen and laborers lawful overtime compensation and wages dues and owed.

## JURISDICTION AND VENUE

3. Plaintiff was at all times mentioned herein a citizen of the State of Missouri residing in Mokane, MO in Callaway County.

4. At the time of the conduct complained of herein and at all times mentioned, Defendant was a Missouri corporation with its principal place of business in Columbia, Missouri and did conduct business in Columbia, Missouri, which is in Boone County, Missouri.

5. As Defendant transacts business in, and all conduct described herein – specifically the payment of wages, and failure to pay overtime time to its employees – occurred in Boone County, Missouri, venue and jurisdiction is proper in this Court.

## THE PARTIES AND CLAIMS

6. At all relevant times, Plaintiff Elmer Tedder resided in Mokane County, Missouri and worked as a foreman for Defendant.

7. Defendant is a contractor that handles, *inter alia*, foundation repair and basement waterproofing. Defendant touts that it is "backed by a network of the best foundation repair contractors and waterproofing contractors in North America."

8. Plaintiff worked for Defendant as a laborer from in or around November or December 2017 to in or around January 2018. Plaintiff Tedder's consent to join this action is attached hereto as **Exhibit 1**.

9. Laborers', including Plaintiff, and upon information and belief foremen's, job duties consisted of foundation repair and waterproofing construction. To accomplish this, Plaintiff and those similarly situated would determine where the low spot of the house was; dig holes or drill holes to set the piers; once the piers were installed properly, they would set the brackets up and the hydraulic system to raise the house; once the house was raised they determined how much and where it needed to be leveled and leveled the house as much as possible. After this, they would ensure the brackets and piers were properly in place and check any basement for potential leaks.

10. Laborers, including Plaintiff, and upon information and belief foremen, did not book the jobs that they worked; they did not schedule the jobs with respective customers; they had no responsibility or duty to develop or maintain a relationship with any potential or existing customer.

11. Laborers, including Plaintiff, and upon information and belief foremen, have no sales responsibilities. They did not make or solicit sales of services or products.

12. At all times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and Missouri wage and hour law.

13. Plaintiff Tedder brings Count I of this action as a collective action under the FLSA on behalf of himself and all other similarly situated foremen and laborers employed by Defendant within the last three years.

14. Plaintiff Tedder brings Count II of this lawsuit as a Class Action under the Missouri Minimum Wage Laws, Mo. Rev. Stat. § 290.500 *et seq*. and Federal Rule of Civil Procedure 23 on behalf of himself and all other similarly situated foremen and laborers employed by Defendant within the last two years.

15. Plaintiff Tedder brings Counts III and IV of this lawsuit as a class action under Missouri common law and Federal Rule of Civil Procedure 23 on behalf of himself and all other similarly foreman and laborers employed by Defendant within the last five years.

16. Defendant is Missouri corporation with its headquarters located within Boone County, Missouri and is an "employer" within the meaning set forth in the FLSA and was at all times relevant to the allegations herein Plaintiff's and similarly situated foremen's and laborers' employer.

17. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

18. Defendant had gross annual revenues exceeding $500,000 for all relevant periods.

### **GENERAL ALLEGATIONS**

19. Plaintiff and similarly situated foremen and laborers routinely worked, and work, over 40 hours per work week. Indeed, these individuals often worked between 50 and 70 hours per week.

20. Defendant has actual knowledge that Plaintiff and similarly situated foremen and laborers work over 40 hours per work week. This information is evidenced on pay stubs. Moreover, Plaintiff and similarly situated foremen and laborers filled/fill out timesheets of hours worked each week; they would indicate the time work began and ended. These time sheets are turned into Defendant every week – typically on Friday and routinely evidenced greater than 40 hours of time worked in a work week.

21. Notwithstanding this notice, Defendant failed, and fails, to pay Plaintiff and similarly situated foremen and laborers one and one-half their regular rate of pay ("overtime") for hours worked over 40 in a work week.

22. Instead, Defendant paid/pays Plaintiff and similarly situated foremen and laborers a fixed percentage of each construction job. Indeed, Defendant merely allocates a certain amount of money received for a job as wages for its workers. This is the pot of money that workers on that job share. The amount of the pot each worker gets is determined by how many hours that individual works on the respective job. Defendant does not, however, pay the overtime rate for hours worked over 40 in a given week.

23. Defendant did not, and does not, pay Plaintiff and similarly situated laborers and foreman on a bona fide commission basis.

24. Plaintiff and similarly situated laborers and foreman have their schedules and hours dictated by Defendant according to specific construction jobs that must be completed; they are not able to take on additional customers and earn more money at their discretion. If Defendant had no construction projects scheduled for a week; Plaintiff and similarly situated laborers and foreman could not go out and solicit bids or sales and bind Defendant to additional projects for extra work, which would result in extra work for Plaintiff et al.

25. As such, Defendant's compensation plan did not provide performance-based incentives for Plaintiff and similarly situated laborers and foreman.

26. The amount Plaintiff and similarly situated laborers and foreman were paid for work on a given project depended heavily on the amount of time they spent completing the work.

27. For example, on Plaintiff's January 12, 2018, paystub – representing time worked for the week of January 1, 2018, to January 7, 2018 – Plaintiff was paid a total of $597.00. This

sum purportedly represented a certain percentage of the money received by Defendant for the job that was then allocated to Plaintiff based on his 50.75 hours worked that week; Plaintiff was not paid overtime.

28. At a minimum, for the week of January 1, 2018, to January 7, 2018, Plaintiff's regular rate of pay was $11.76 per hour ($597.00 / 50.75 hours). Thus, Defendant failed to pay Plaintiff $63.21 of overtime pay for 10.75 overtime hours (11.76 x .5 = $5.88) and ($5.88 x 10.75 = $63.21). This, however, is in contradiction to the very rates of pay indicated on Plaintiff's paystub.

29. The January 12, 2018, paystub states that Plaintiff's regular rate of pay is $14.00 with an overtime rate of $21.00. That being the case, Plaintiff's gross wages would be $560 (40 hours x $14.00) + $225.75 (10.75 hours x. $21.00) = $785.75. Thus, under these facts Defendant failed to pay Plaintiff wages due and owed of $188.75.

30. Consequently, Plaintiff and similarly situated foremen and laborers consistently worked, and work, without proper compensation and overtime.

31. Plaintiff and all similarly situated foremen and laborers are owed overtime for every hour worked over 40 in a work week.

32. Upon information and belief, Defendant has been informed by current and/or former employees of its failure to pay overtime, but Defendant has ignored these reports.

33. Defendant's deliberate failure to pay Plaintiff and similarly situated foremen and laborers their earned overtime for hours in excess of 40 in a workweek violates the FLSA and Missouri law.

34. The policies and practices maintained and administered by Defendant, instituted and approved by Defendant's managers, resulted, and result, in Defendant willfully failing to pay overtime compensation.

35. Defendant thus enjoyed, and continues to enjoy, ill gained profits at the expense of Plaintiff and similarly situated foremen and laborers.

36. In contravention of state and federal law, Defendant also has a policy of deducting funds from employees' wages that take the employees' wages below the minimum hourly wage rate.

37. Indeed, Plaintiff's final pay stub indicated wages due to him of $237.40.

38. Defendant, however, did not pay him any wages from his final week of work. Instead, Defendant deducted his paycheck in its entirety for alleged debts owed to Defendant for repairs and gas.

39. This deduction took Plaintiff's wages bellowed the required minimum hourly wage rate.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

40. Plaintiff reasserts and realleges all allegations set forth above.

41. Plaintiff brings Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of himself and all those similarly situated foremen and laborers who file a consent to join form with the Court.

42. Plaintiff brings Counts II, III, and IV of this lawsuit as an "opt-out" class action under Missouri wage and hour law and common law and Federal Rule of Civil Procedure 23 on behalf of himself and all other similarly situated laborers and foremen.

43. Plaintiff individually and on behalf of similarly situated foremen and laborers seeks relief on a collective basis challenging Defendant's failure to pay required overtime for hours worked. The number and identity of other Plaintiffs yet to opt-in and consent to be a party plaintiff to this lawsuit may be determined from Defendant's records.

44. Notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

45. The email address of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

46. The cellular telephone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via text message as soon as possible.

47. Plaintiff brings Count I of this Petition as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of himself and as the representative of the following:

   a. All current and former foremen and laborers employed by Defendant within three years preceding the date of filing this action.

48. Plaintiff brings Count II of this Petition as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and as the class representative of the following persons:

   a. All current and former foremen and laborers employed by Defendant within two years preceding the date of filing this action.

49. Plaintiff brings Counts III and IV of this Petition as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and as the class representative of the following persons:

    a. All current and former foremen and laborers employed by Defendant within five years preceding the date of filing this action.

50. The state law claims, if certified for class wide treatment, are brought on behalf of all similarly situated foremen and laborers who do not opt out of the class action ("the Class").

51. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Federal Rule of Civil Procedure 23.

52. The Class satisfies the numerosity standard; it consists of multiple persons who may be geographically disbursed. As a result, joinder of all Class members in a single action is impractical. Class members may be informed of the pendency of this class action through direct mail, electronic mail, and telephone.

53. Questions of fact and law common to the Class predominate over any questions affecting only individual members. Questions of law and fact arising from Defendant's actions including, without limitation, the following:

    a. Whether Defendant failed to pay Class members wages and overtime required under Mo. Rev. Stat. § 290.500 *et seq.*;

    b. Whether Defendant is liable to class members pursuant to Quantum Meruit; and

    c. Whether Defendant has been unjustly enriched by its failure to pay Class members for time worked.

54. The questions set forth above predominate any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

55. Plaintiff's claims are typical of those of the Class in that the Class Members have been, or are, employed in the same or sufficiently similar positions as Plaintiff and were subject to the same unlawful practices.

56. A class action is the appropriate method for the fair and efficient adjudication of the controversy. Defendant has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendant, and/or substantially impairing or impeding the ability of the Class members to protect their interest.

57. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of other members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and his undersigned counsel, who is experienced in wage and hour, employment, and class/collective action litigation.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

58. Plaintiff reasserts and realleges the allegations set forth above.

59. At all times material herein, Plaintiff and other similarly situated foremen and laborers have been entitled to the rights, protections, and benefits provided under the FLSA.

Plaintiff and other similarly situated foremen and laborers are and were at all relevant times "employees" within the meaning of the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

60. The FLSA regulates, among other things, the payment of overtime to Plaintiff and similarly situated foremen and laborers who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

61. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its foremen and laborers are engaged in commerce. 29 U.S.C. §§ 206(a) and 207(a).

62. During all times relevant to this action, Defendant was the "employer" of Plaintiff and similarly situated foremen and laborers within the meaning of the FLSA. 29 U.S.C. §§ 206(a) and 207(a).

63. Defendant failed to pay Plaintiff and other similarly situated foremen and laborers the overtime wages to which they were, and are, entitled under the FLSA.

64. Defendant's violations of the FLSA, as described herein, have been willful and intentional.

65. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and those similarly situated foremen and laborers.

66. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

67. As a result of Defendant's willful violations of the FLSA, Plaintiff and other similarly situated foremen and laborers have suffered damages by being denied overtime wages in amounts to be determined at trial or through undisputed record evidence, and are entitled to

- 11 -
Case 2:18-cv-04145-NKL   Document 8   Filed 07/26/18   Page 11 of 17

recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated foremen and laborers, prays for the following relief:

   a. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all current and former foremen and laborers employed by Defendant within three years preceding the date of filing this action. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

   b. The payment at one and one-half times their regular rates of pay for all hours worked over 40 in any workweek by Plaintiff and similarly situated foremen and laborers for which they have not been properly compensated;

   c. Liquidated damages pursuant to 29 U.S.C. § 216(b);

   d. Reasonable attorneys' fees and costs;

   e. A reasonable service award to the Plaintiff to compensate him for the time he spent attempting to recover wages for FLSA collective members and for the risks he took in doing so;

   f. Prejudgment interest;

   g. That the applicable statute of limitations for Plaintiff's FLSA cause of action be tolled because strict application of the same would be inequitable;

   h. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and relating regulations; and

i. Such other and further relief as this Court deems fair and equitable.

## COUNT II: VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS

68. Plaintiff reasserts and realleges the allegations set forth above.

69. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws – Mo. Rev. Stat. § 290.500 et seq.

70. Missouri's wage and hour laws regulate, among other things, the payment of overtime wages by employers, subject to limited exceptions not applicable here.

71. At all relevant times herein, Defendant was Plaintiff's and similarly situated foremen's and laborers' employer, and Plaintiff and similarly situated foremen and laborers were Defendant's employees, within the meaning of Missouri's wage and hour laws – Mo. Rev. Stat. §§ 290.500(3) & (4).

72. Pursuant to Missouri's wage and hour laws (Mo. Rev. Stat. § 290.505.1), employees like Plaintiff and those similarly situated foremen and laborers shall be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a work week.

73. Defendant violated Missouri's wage and hour laws by willfully and intentionally refusing and failing to pay Plaintiff and similarly situated foremen and laborers overtime wages required under Missouri law.

74. Pursuant to Mo. Rev. Stat. § 290.527, Plaintiff and similarly situated foremen and laborers are therefore entitled to damages equal to the full amount of their wage rate and an additional equal amount as liquidated damages, less any amount actually paid to Plaintiff and similarly situated foremen and laborers by Defendant.

75. Plaintiff and similarly situated foremen and laborers are also entitled to an award of prejudgment and post judgment interests at the applicable legal rate.

76. Plaintiff and similarly situated foremen and laborers are also entitled to their costs and reasonable attorney's fees incurred in this action.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated foremen and laborers, prays for the following relief:

a. Compensatory damages equal to the full amount of Plaintiff's and similarly situated foremen's and laborers' wage rate (that is, one and one half times their regular rate of pay for all hours worked over 40 in a work week) and an additional equal amount as liquidated damages, less any amount actually paid to Plaintiff and similarly situated foremen and laborers by Defendant;

b. Attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527;

c. Prejudgment and post judgment interest; and

d. All other relief this Court deems fair and equitable.

## COUNT III: QUANTUM MERUIT

77. Plaintiff reasserts and realleges the allegations set forth above.

78. Defendant recognized the benefits conferred upon it by Plaintiff and other similarly situated foremen and laborers.

79. Defendant accepted and retained the benefits under circumstances that would render such retention inequitable.

80. Defendant has therefore been unjustly enriched, and Plaintiff and other similarly situated foremen and laborers have been damaged.

81. The payment requested by Plaintiff and other similarly situated foremen and laborers for the benefits produced by them to Defendant is based on customary and reasonable rates for such services, or like services, at the time and in the locality where the services were rendered.

82. Plaintiff and similarly situated foremen and laborers are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Petition plus periods of equitable tolling.

83. Plaintiff and similarly situated foremen and laborers are also entitled to an award of prejudgment and post judgment interest at the applicable legal rate.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated foremen and laborers, prays for the following relief:

    a. Compensatory damages;

    b. Prejudgment and post judgment interest; and

    c. All other relief this Court deem fair and equitable.

### COUNT IV: UNJUST ENRICHMENT

84. Plaintiff reasserts and realleges the allegations set forth above.

85. Plaintiff and similarly situated foremen and laborers conferred benefits on Defendant in the form of unpaid labor, and Defendant received such benefits conferred upon it by Plaintiff and similarly situated foremen and laborers.

86. Defendant appreciated the fact of the benefits.

87. Defendant accepted and retained the benefits in circumstances that render such retention inequitable.

88. Defendant has therefore been unjustly enriched, and Plaintiff and similarly situated foremen and laborers have been damaged.

89. Plaintiff and similarly situated foremen and laborers are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Petition plus periods of equitable tolling.

90. Plaintiff and similarly situated foremen and laborers are also entitled to an award of prejudgment and post judgment interest.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated foremen and laborers, prays for the following relief:

    a. Compensatory damages;

    b. Prejudgment and post judgment interest;

    c. All other relief this Court deems fair and equitable.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ S. Cody Reinberg*
S. Cody Reinberg, Mo. Bar #66174
9666 Olive Blvd., Suite 202A
St. Louis, MO 63132
314-391-9557 p/f
creinberg@hkm.com

Attorneys for Plaintiff Elmer Tedder

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed via the Court's electronic filing system on this 26th day of July 2018, and has been served on all parties to this action by way of the Court's ECF/CM software.

                                                                               /s/ *S. Cody Reinberg*